TERRELL, Justice.
Redwing Carriers, Inc. has a certificate of Public Convenience and Necessity from Florida Railroad and Public Utilities Commission, hereinafter referred to as 'the *218 Commission, to transport certain distillates to specified territory in the State. It applied to the Commission for an extension of said certificate to transport other distillates in the same territory. A public hearing was ordered, much testimony was taken and the application for extension was denied. We are confronted with an appeal by certiorari praying, that the order of the Commission be reviewed and quashed.
Chapter 323, Florida Statutes 1951, F.S.A., particularly Section 323.03, defines the power of the Commission with reference to issuing or enlarging certificates of Public Convenience and Necessity to common carriers. A number of carriers and other witnesses protested issuance of the enlarged certificates and testified at the hearing. ,We fail to find where the 'Commission abused its discretion or misapplied the law. There was some conflicting evidence but we find ample support for the finding and order of the Commission. Petitioner relies primarily on Benton Bros. Film Express, Inc., v. Florida Railroad and Public Utilities Commission, Fla., 57 So.2d 435, but we think that tase is easily distinguishable from the case at bar. The issue before the Commission had to do with authorizing petitioner to extend its service so it could recoup operation losses and this question presented the further question of whether or not the territory was adequately served with the distillates petitioner was seeking authority to transport.
The order of the Commission is affirmed on authority of Great Southern Trucking Co. v. Mack, Fla., 54 So.2d 153; Petroleum Carrier Corporation v. Florida Railroad and Public Utilities Commission, Fla., 50 So.2d 528; Florida Motor Lines Corporation v. Douglass, 148 Fla. 598, 4 So.2d 856; Central Truck Lines v. Railroad Commission, 118 Fla. 555, 160 So. 26; Tamiami Trail Tours v. Florida Railroad Commission, 120 Fla. 371, 163 So. 1. The subject matter of the litigation was amply covered in these cases.
The application' for certiorari is deniéd.
ROBERTS, C. J., and SEBRING and MATHEWS, JJ., concur.